**CARMAGNOLA & RITARDI, LLC**
Steven F. Ritardi, Esq. (029021987)
60 Washington Street – Suite 300
Morristown, New Jersey 07960
(973) 267-4445
(973) 267-4456 (FAX)
Attorneys for Defendant, Atlantic Health System, Patricia Acevedo and Eileen Moran

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA JUSSEN, | CIVIL ACTION NO: |
| Plaintiff, | |
| | Civil Action |
| -vs- | |
| ATLANTIC HEALTH SYSTEM; PATRICIA ACEVEDO; EILEEN MORAN; JOHN DOES 1- 5; JANE DOES 1-5; and ABC CORPS. 1-5 (fictitious names representing one or more unknown individuals or entities), | **NOTICE OF REMOVAL OF ACTION UNDER 29 U.S.C. § 2601 et seq.** |
| Defendants. | |

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Pursuant to 29 U.S.C. § 2601 et seq., Defendants, Patricia Acevedo and Eileen Moran, together with the consent of Defendant Atlantic Health System (hereinafter referred to collectively as "Defendants"), hereby remove this civil action from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. OCN-L-2467-21, to the United States District Court for the District of New Jersey.

In support of this Notice of Removal, Defendant states as follows:

1. On September 23, 2021, Plaintiff filed a Complaint styled *Donna Jussen v. Atlantic Health System, Patricia Acevedo, Eileen Moran, et al.,* Docket No. OCN-L-2467-21, in the Superior Court of New Jersey, Law Division, Ocean County (the "Complaint"). The Complaint seeks relief for alleged "Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq." and for alleged violations of the New Jersey Law Against Discrimination for "Discrimination Based on Disability" and "Discrimination-Aiding and Abetting". A true and correct copy of the Complaint is attached to this Notice, as **Exhibit 1**.

2. On October 15, 2021, the Plaintiff's attorneys caused to be served a Summons on Defendant, Atlantic Health System. A true and correct copy of the Summons is attached to this Notice, as **Exhibit 2**.

3. On November 25, 2021, the undersigned, Steven R. Ritardi, Esq.,  Carmagnola & Ritardi, LLC, attorneys for Defendants Acevedo, Moran and Atlantic Health System signed the Plaintiff's form of Acknowledgment of Service, thereby acknowledging service of Plaintiff's Summons and Complaint on behalf of Defendants Moran and Acevedo. A true and correct copy of the November 25, 2021 Acknowledgement of Service is attached to this Notice as **Exhibit 3.**

4. Defendants Moran and Acevedo, with the consent of Defendant Atlantic Health System, are entitled to remove this action pursuant to 28 U.S.C. § 1331 because subject matter jurisdiction exists as Plaintiff has raised a claim under the laws of the United States, namely, the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.  Removal of the entire action, including Plaintiff's Federal law claims and State law claims is appropriate because "the action would be removable without the inclusion of the [State law claims]". See 28 U.S.C. § 1441(c)(1)(B).

5. Venue is proper in this district under 28 U.S.C. § 1441(a) in that this district and vicinage embrace the place where the removed action has been pending.

6. A written notice of the filing of this petition for removal will be given to all adverse parties promptly after filing of this Notice of Removal.

7. A true and correct copy of this Notice will be filed with the Clerk of the Superior Court of New Jersey, Ocean County promptly after the filing of this Notice.

8. Defendants reserve the right to amend or supplement this Notice of Removal.

9. Defendants reserve all defenses including, but not limited to, those defenses based upon lack of personal jurisdiction.

**WHEREFORE**, this Court has jurisdiction pursuant to 28 U.S.C. § 1441(c), and 1331 based on the existence of a federal question arising under the Constitution, laws, or treaties of the United States.

**CARMAGNOLA & RITARDI, LLC**
Attorneys for Defendants, Atlantic Health System, Patricia Acevedo and Eileen Moran

By:  /s/ Steven F. Ritardi_____
     STEVEN F. RITARDI
     Email: sritardi@cr-law.net

DATED:  December 21, 2021

# EXHIBIT 1

**Damian Christian Shammas (0014731999)**
**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
6 South Street, Suite 301
Morristown, New Jersey 07960
Telephone: (973) 998-8500
Facsimile: (973) 998-8501
Attorneys for Plaintiff

| | |
|---|---|
| DONNA JUSSEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>ATLANTIC HEALTH SYSTEM; PATRICIA ACEVEDO; EILEEN MORAN; JOHN DOES 1-5; JANE DOES 1-5; and ABC CORPS. 1-5 (fictitious names representing one or more unknown individuals or entities),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: OCEAN COUNTY<br>DOCKET NO: OCN-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATIONS UNDER RULES 4:5-1 AND 1:38-7(c)** |

Donna Jussen ("plaintiff" or "Ms. Jussen"), complains of defendants as follows:

## THE PARTIES

1.      Plaintiff is a resident of Toms River, New Jersey, County of Ocean.

2.      Defendant Atlantic Health System ("AHS") is a New Jersey corporation that owns and operates several hospitals and medical centers throughout New Jersey.

3.      Defendant Patricia Acevedo ("Ms. Acevedo") is a resident of New Jersey. At all relevant times herein, Ms. Acevedo served as Ms. Jussen's direct supervisor.

4.      Defendant Eileen Moran ("Ms. Moran") is a resident of New Jersey.  At all times relevant herein, Ms. Moran was Ms. Acevedo's supervisor and worked in a supervisory capacity to Ms. Jussen.

## FACTUAL BACKGROUND

5.      Ms. Jussen became employed by AHS on May 6, 2019.  She worked as a unit associate scheduling home healthcare aides and hospice workers in Sussex and Warren Counties.

6.      On January 31, 2020, Ms. Jussen suffered a tragedy in her family with the passing of her son.  She took a bereavement leave and returned to work during the week of March 17, 2020, coinciding with the onset of the pandemic.

7.      By letter dated April 3, 2020, Ms. Jussen's doctor recommended that Ms. Jussen should work from home "[d]ue to her underlying Asthma/COPD and age."  The doctor cautioned that "[w]hile she is not disabled from working, she would be better served by working at home because if she were to contract COVID-19 her illness may be complicated by her underlying lung disease as well as her age."

8.      Despite allowing others to work remotely Ms. Acevedo denied Ms. Jussen's requested accommodation.

9.      Ms. Jussen appealed the denial to Human Resources yet never received a response.  Nevertheless, being the dedicated worker she is, Ms. Jussen continued to work in the office as scheduled against her doctor's direction.

10.     Ms. Acevedo became angry that Ms. Jussen had appealed the denial of her accommodation request and began harassing her with baseless and unwarranted allegations of misconduct.

11.     On August 27, 2020, Ms. Acevedo issued Ms. Jussen a written warning based on

several alleged incidents:

- Ms. Acevedo alleged that on March 21, 2020, Ms. Jussen had "disregarded manager's instructions to go to the office (she was working the weekend) to correct an error during her work hours. Instead, Donna asked Mariella to do it (Mariella was off) without consulting Manger." Ms. Jussen needed to check the telephone line in the office because it was not functioning. Since she lived over an hour away from the office Ms. Jussen's co-worker who lived ten minutes away offered to go into the office to check it. Ms. Jussen never requested her co-worker to go to the office.

- Ms. Acevedo alleged that on April 6, 2020, Ms. Jussen "displayed unprofessional behavior during work hours (loud, upset, and complaining on HHA reassignment)." Ms. Acevedo was not even in the office that day and Ms. Jussen did not act in an unprofessional manner.

- Ms. Acevedo charged that on July 10, 2020, Ms. Jussen committed "Poor Customer service. Persuading family member to complain on field staff." Again, this never happened as Ms. Jussen was actually advising a patient to voice her concerns to correct issues that the patient had raised.

- Ms. Acevedo claimed that on August 20, 2020, Ms. Jussen used "foul language while referring to a HHA." This is false. Ms. Jussen dropped papers on the floor at work and commented "this is schievatz!"

- Ms. Acevedo further claimed that on August 21, 2020, Ms. Jussen engaged in "poor customer service" and again used "foul language" over the phone. In fact, Ms. Jussen had spoken with a client's husband by phone and believed that she had hung up. She was conversing with a co-worker, Stacy Holdorf, about the lack of home healthcare workers. Ms. Holdorf used the phrase "no shit, Sherlock" which Ms. Jussen repeated. The client's husband telephoned Ms. Jussen back and believed that Ms. Jussen's comment was directed towards him. She then explained to him that the comment was not directed towards him. Unlike Ms. Jussen, Ms. Holdorf was not disciplined or reprimanded for the incident.

11.     Ms. Acevedo continued to target Ms. Jussen, unfairly criticized her job

performance, withheld awards, and repeatedly commented that Ms. Jussen was not the same since

her son had passed away and that she wanted "the old Donna" back.

12.     Ms. Acevedo also denied Ms. Jussen's request for PTO days yet granted at least

three other employees' subsequent requests to use PTO for the same days.

13.     Ms. Acevedo's supervisor, Ms. Moran, commented in or about August 2020 that Ms. Jussen may need to take care of her mental health issues because she was not the same person since her son had passed away.

14.     In late December 2020 Ms. Jussen experienced severe depression and anxiety.  She visited with her doctor who by letter dated January 4, 2021, placed her on a medical leave for one month.  On February 5, 2021, Ms. Jussen's doctor extended her leave for another month through March 5, 2021.  By note dated March 3, 2021, Ms. Jussen's doctor cleared her to return to work on March 8 "with intermittent leave as necessary."

15.     On March 5, 2021, Ms. Jussen experienced a serious anxiety attack that resulted in her hospitalization until March 7.  Nevertheless, against doctors' orders and for fear of losing her job, she returned to work on March 8, 2021 and was promptly terminated.

16.     During the termination meeting, Ms. Acevedo and Ms. Moran advised Ms. Jussen that the decision was based on two incidents, one involving a patient and the other involving the mother of another patient.

17.     Ms. Jussen appealed her termination and Ms. Moran promptly denied the appeal.

## FIRST COUNT
### NJ Law Against Discrimination
### Based on Disability

18.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth at length herein.

19.     Ms. Jussen is a "person" as defined in *N.J.S.A.* 10:5-5(a) and is an "employee" as defined in *N.J.S.A.* 10:5-5(a).

20.     AHS is an "employer" as defined in *N.J.S.A.* 10:5-5(e).

21.    Ms. Acevedo and Ms. Moran are each a "person" and an "employee" as defined in N.J.S.A. 10:5-5(a) and (f), respectively.

22.    AHS violated *N.J.S.A.* 10:5-12(a) by discriminating against Ms. Jussen in compensation or in terms, conditions or privileges of employment based on her disability/perceived disability. This discrimination includes, but is not limited to, subjecting Ms. Jussen to harassment and a hostile work environment based on her disability that culminated in her termination, retaliating against her for having taken a leave of absence, and termination of her employment.

23.    AHS' actions violate *N.J.S.A.* 10:5-1, et seq., including *N.J.S.A.* 10:5-12(a).

24.    As a direct and proximate result of AHS' aforementioned discriminatory and retaliation Ms. Jussen has suffered damages including, but not limited to, back pay, front pay, lost benefits, emotional distress, emotional and physical pain and suffering, physical ailments, physical manifestations, anxiety, embarrassment, humiliation, and loss of reputation.

WHEREFORE, plaintiff Donna Jussen demands that judgment be entered in her favor and against defendant Atlantic Health System awarding:

A.    Compensatory damages in the form of back pay, front pay, and compensation for lost benefits;

B.    Compensatory damages for her emotional and physical pain, emotional and physical suffering, emotional and physical distress, emotional and physical ailments and injuries, emotional injuries accompanied by physical manifestations, mental anguish, humiliation, and loss of reputation;

C.    Punitive damages;

D.    Attorneys' fees and costs;

E.      Interest; and

F.      Such other and further relief as the Court deems appropriate.

## SECOND COUNT

### NJ Law Against Discrimination-Aiding and Abetting as to Defendants Patricia Acevedo and Eileen Moran

25.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 as if fully set forth at length herein.

26.     Ms. Acevedo and Ms. Moran aided, abetted, incited, compelled, and/or coerced the aforementioned discriminatory acts against Ms. Jussen in violation of *N.J.S.A.* 10:5-12(e).

27.     As a direct and proximate result of Ms. Acevedo and Ms. Moran's aiding, abetting, inciting, compelling, and/or coercion of discriminatory acts against Ms. Jussen in violation of *N.J.S.A.* 10:5-12(e) Ms. Jussen has suffered damages including, but not limited to, back pay, front pay, lost benefits, emotional distress, emotional pain and suffering, anxiety, embarrassment, humiliation, and loss of reputation.

WHEREFORE, plaintiff Donna Jussen demands that judgment be entered in her favor and against defendants Patricia Acevedo and Eileen Moran awarding:

A.      Compensatory damages in the form of back pay, front pay, and compensation for lost benefits;

B.      Compensatory damages for his emotional and physical pain, emotional and physical suffering, emotional and physical distress, emotional and physical ailments and injuries, emotional injuries accompanied by physical manifestations, mental anguish, humiliation, and loss of reputation;

C.      Punitive damages;

D.      Attorneys' fees and costs;

E.      Interest; and

F.      Such other and further relief as the Court deems appropriate.

### THIRD COUNT

**Violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.**

28.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 as if fully set forth at length herein.

29.     Ms. Jussen was an "eligible employee" pursuant to 29 U.S.C. §2611(2)(A) at all relevant times herein.

30.     AHS was an "employer" pursuant to 29 U.S.C. §2611(4)(i)-(ii) at all relevant times herein.

31.     Ms. Jussen suffered from a "serious health condition" pursuant to 29 U.S.C. §2611(11) at the time that she applied for FMLA leave and while on FMLA leave.

32.     AHS violated 29 U.S.C. §2615(a)(1) and 29 U.S.C. §2615(a)(2) by terminating her employment in retaliation for her having taken FMLA leave and having shared that she may require intermittent FMLA leave in the future.

33.     As a direct and proximate result of defendant's violation of 29 U.S.C. §2615(a)(1) and 29 U.S.C. §2615(a)(2), Ms. Jussen has suffered damages.

WHEREFORE, plaintiff Donna Jussen demands that judgment be entered in her favor and against defendant Atlantic Health System awarding:

A.      Damages pursuant to 29 U.S.C. §2617(a)(1)(A)(i);

B.      Liquidated damages pursuant to 29 U.S.C. §2617(a)(A)(iii);

C.      Interest pursuant to 29 U.S.C. §2617(a)(A)(ii);

D.        Equitable relief pursuant to 29 U.S.C. §2617(a)(1)(B);

E.        Attorneys' fees and costs pursuant to 29 U.S.C. §2617(a)(3);

F.        Punitive damages; and

G.        Such other and further relief as the Court deems appropriate.


## JURY DEMAND

Plaintiff Donna Jussen demands a jury trial on all issues so triable.


## DESIGNATION OF TRIAL COUNSEL

Damian Christian Shammas, Esq. is designated as trial counsel pursuant to R. 4:25-4.


**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
Attorneys for Plaintiff
Donna Jussen


By    *s/Damian Christian Shammas*
                DAMIAN CHRISTIAN SHAMMAS
                An Attorney of the Firm

Dated:  September 23, 2021

## CERTIFICATION PURSUANT TO R. 1:38-7(B)

I certify that the confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

_s/Damian Christian Shammas_
Damian Christian Shammas

Dated:  September 23, 2021


## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.  I further certify that I am unaware of any non-party who should be joined in this action.  I certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

_s/Damian Christian Shammas_
Damian Christian Shammas

Dated:  September 23, 2021

9

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-002467-21**

**Case Caption:** JUSSEN DONNA  VS ATLANTIC HEALTH SYST EM

**Case Initiation Date:** 09/23/2021

**Attorney Name:** DAMIAN CHRISTIAN SHAMMAS

**Firm Name:** DAMIAN CHRISTIAN SHAMMAS, LLC

**Address:** 6 SOUTH ST STE 301

MORRISTOWN NJ 07960

**Phone:** 9739988500

**Name of Party:** PLAINTIFF : Jussen, Donna

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Donna Jussen?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/23/2021

Dated

/s/ DAMIAN CHRISTIAN SHAMMAS

Signed

# EXHIBIT 2

**Damian Christian Shammas (0014731999)**
**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
6 South Street, Suite 301
Morristown, New Jersey 07960
Telephone: (973) 998-8500
Facsimile: (973) 998-8501
Attorneys for Plaintiff

```
RECEIVED

OCT 1 5 2021

AHS CORPORATE
RISK MANAGEMENT DEPARTMENT
```

| | |
|---|---|
| DONNA JUSSEN,<br><br>                    Plaintiff,<br><br>    v.<br><br>ATLANTIC HEALTH SYSTEM; PATRICIA ACEVEDO; EILEEN MORAN; JOHN DOES 1-5; JANE DOES 1-5; and ABC CORPS. 1-5 (fictitious names representing one or more unknown individuals or entities).<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: OCEAN COUNTY<br>DOCKET NO: OCN-L-2467-21<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From The State of New Jersey To the Defendant Named Above: **Atlantic Health System**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint and Jury Demand attached to this summons states the basis for this lawsuit. If you dispute this Complaint and Jury Demand, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint and Jury Demand is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

1

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*s/Michelle M. Smith/DCS*
Michelle M. Smith
Clerk of the Superior Court

Dated: October 12, 2021

**Name of Defendant to Be Served: Atlantic Health System**

**Address of Defendant to Be Served:  475 South Street, Morristown, New Jersey 07960**

Note:  The Case Information Statement is available at www.njcourts.com

2

# EXHIBIT 3

**Damian Christian Shammas (0014731999)**
**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
6 South Street, Suite 301
Morristown, New Jersey 07960
Telephone:  (973) 998-8500
Facsimile:  (973) 998-8501
Attorneys for Plaintiff

| | |
|---|---|
| DONNA JUSSEN,<br><br>                              Plaintiff,<br><br>        v.<br><br>ATLANTIC HEALTH SYSTEM; PATRICIA ACEVEDO; EILEEN MORAN; JOHN DOES 1-5; JANE DOES 1-5; and ABC CORPS. 1-5 (fictitious names representing one or more unknown individuals or entities),<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY DOCKET NO: OCN-L-2467-21<br><br>CIVIL ACTION<br><br>**ACKNOWLEDGMENT OF SERVICE** |

The undersigned does hereby accept service of the Complaint and Jury Demand in the above-captioned matter on behalf of defendants Patricia Acevedo and Eileen Moran.

By: _____
                Steven F. Ritardi

Dated:  11/25/21

**CARMAGNOLA & RITARDI, LLC**
Steven F. Ritardi, Esq. (029021987)
60 Washington Street – Suite 300
Morristown, NJ  07960
(973) 267-4445
(973) 267-4456(FAX)
Attorneys for Defendants, Atlantic Health System, Patricia Acevedo and Eileen Moran,

|  |  |
|---|---|
| DONNA JUSSEN,<br><br>                          Plaintiff,<br><br>        -vs-<br><br>ATLANTIC HEALTH SYSTEM; PATRICIA ACEVEDO; EILEEN MORAN; JOHN DOES 1- 5; JANE DOES 1-5; and ABC CORPS. 1-5 (fictitious names representing one or more unknown individuals or entities),,<br><br>                          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: OCEAN COUNTY<br>DOCKET NO. OCN-L-2467-21<br><br><br>Civil Action<br><br>**NOTICE OF FILING OF NOTICE FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

TO:    Clerk of the Court – Civil Law Division
        Ocean County Superior Court
        P.O. Box 2191
        120 Hooper Avenue
        Toms River, NJ 08754
        *Via eCourts*

        Damian Christian Shammas, Esq.
        Law Offices of Damian Christian Shammas, LLC
        6 South Street - Suite 301
        Morristown, NJ 07960
        *Attorney for Plaintiff*
        *Via eCourts and Electronic Mail*

SIRS:

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(c), and 1331, Defendants

Patricia Acevedo and Eileen Moran, with the consent of Defendant Atlantic Health System, (hereinafter referred to as "Defendants"), have filed a Notice of Removal in the above titled action to the United States District Court for the District of New Jersey, together with all pleadings, process, and orders served upon Defendants with the United States District Court for the District of New Jersey.

Pursuant to 28 U.S.C. § 1446(d), "the state court shall proceed no further unless and until the case is remanded."

Attached hereto and marked as **Exhibit A** is a true and correct copy of the Notice of Removal.

                    CARMAGNOLA & RITARDI, LLC

                    Attorneys for Defendants,
                    Atlantic Health System, Patricia Acevedo
                     and Eileen Moran


          By:   _/s/ Steven F. Ritardi_____
                    STEVEN F. RITARDI
                    Email: sritardi@cr-law.net

DATED:   December 21, 2021